UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEX C.,[1]<br><br>*Plaintiff,*<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY<br><br>*Defendant*. | No. 3:22-cv-0117 (MPS) |

**ORDER ON RECOMMENDED RULING**

In this social security benefits case, the Administrative Law Judge ("ALJ") found that Plaintiff, Alex C., was not disabled under the Social Security Act ("SSA") from September 1, 2019, through July 8, 2021, and therefore denied benefits for this period. Plaintiff appealed the ALJ's denial of benefits. This appeal was referred to Magistrate Judge Spector for a recommended ruling. ECF No. 13. Magistrate Judge Spector recommended that Plaintiff's case be remanded for further administrative proceedings because he determined that the ALJ did not properly resolve a conflict between the hearing testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"), as supplemented by the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). ECF No. 21 at 33-37.

I must review de novo any sections of the recommended ruling to which any party properly objects. Fed. R. Civ. P. 72(b)(3). The Commissioner objects to Judge Spector's "finding that there was an unresolved conflict between the vocational expert, John Bopp's testimony and

---

[1] As set forth in a January 8, 2021 Standing Order, the Plaintiff is identified by her first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01, (D. Conn. Jan. 8, 2021).

1

the [DOT]." ECF No. 26 at 2. Because I agree with the analysis and the conclusions in Judge Spector's recommended ruling and find that the objection lacks merit, I overrule this objection, adopt the recommended ruling in its entirety, and remand this case for further administrative proceedings consistent with the recommended ruling.

## I.     FACTUAL BACKGROUND

I assume familiarity with Plaintiff's medical history, as summarized in his brief, ECF No. 16-2 at 1-17, and supplemented by the Commissioner's brief, ECF No. 18-2 at 1-14, which I adopt and incorporate by reference. I also assume familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, the parties' briefs, the recommended ruling, the standard of review applicable to federal court review of social security rulings, and the record.[2] I cite only those portions of the record and the legal standards necessary to explain my ruling.

## II.    DISCUSSION

### A. Waiver

The Commissioner objects to the portion of Judge Spector's recommended ruling discussing how the ALJ resolved a conflict that the ALJ perceived between the hearing testimony of the VE and the DOT. Specifically, the Commissioner argues that "the ALJ incorrectly identified a conflict between the Dictionary of Occupational Titles and [the] vocational expert's testimony," that there was no actual conflict between the DOT and the VE's testimony because the VE's testimony was consistent with the DOT, and that remand is thus not appropriate. ECF No. 26 at 2. The Commissioner examines the definitions in the DOT, compares them to the VE's testimony, and asserts that the "VE's response was consistent with the DOT's definition of

---

[2] Citations to the administrative record, ECF No. 11, appear as "R." followed by the page number appearing in the bottom right hand corner of the record.

light work." *Id.* at 5. According to the Commissioner, the VE's testimony thus constitutes substantial evidence on which the ALJ reasonably relied in satisfying his step-five burden because there was no conflict between that testimony and the DOT. *Id.* at 6.

In her motion to affirm, however, the Commissioner never suggested that there was no conflict between the VE and the DOT. Instead, the Commissioner argued that "Plaintiff's assertion that the ALJ failed to resolve a conflict between the vocational expert's testimony and the DOT . . . lacks merit" because "[t]he ALJ fulfilled his duty to elicit a reasonable explanation for this conflict, and the ALJ properly relied on the vocational expert's testimony after obtaining this reasonable explanation." ECF No. 18-1 at 22-23. The Commissioner thus accepted in her motion to affirm the existence of a conflict between the VE testimony and the DOT but argued that the conflict was properly resolved by the ALJ; this was the argument pressed by the Commissioner before Judge Spector.

The Commissioner now argues that there was no actual conflict, but "[i]t is well established that an argument raised for the first time in an objection to a recommended ruling is waived." *Corbit v. Colvin*, 3:13CV1587 (JBA), 2015 WL 9308221, at *6 (D. Conn. Dec. 22, 2015) (collecting cases). If I were to consider the Commissioner's "untimely argument[], it would unduly undermine the authority of the Magistrate Judge by allowing [the Commissioner] the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008). Consequently, the Commissioner's argument that there was no conflict "is barred and the court will not consider it." *Id.*

And even if the Commissioner's argument was not barred by her failure to raise it before Judge Spector, I may not "properly affirm an administrative action on grounds different from those considered by the agency." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). "Generally speaking, after-the-fact rationalization for agency action is disfavored," *Yale-New Haven Hosp. v. Leavitt*, 470 F.3d 71, 81 (2d Cir. 2006), because "the

3

propriety of the agency's action is to be judged solely by the rationale it advances," *N.L.R.B. v. Columbia U.*, 541 F.2d 922, 930 (2d Cir. 1976). The ALJ reasoned in his opinion that there was a conflict between the VE's testimony and the DOT, attempted to resolve this conflict, and then relied on the VE's testimony. R. 23 ("In this case, the undersigned accepts the vocational expert's testimony even though it conflicts with information in the DOT."). I cannot properly affirm the ALJ on a different rationale — that he reasonably relied on the VE testimony because there was no conflict between it and the DOT.

### B.  Conflict between DOT and VE Testimony

Even if the Commissioner could properly object to Judge Spector's ruling on the ground that there was no *actual* conflict between the VE's testimony and the DOT, the ALJ still had a duty to adequately investigate the *potential* conflict even if this investigation would have revealed that there was no conflict. When an ALJ uses VE testimony to resolve complex vocational issues, he or she "must be alert to the possibility of 'apparent unresolved conflict[s]' between the testimony and the [DOT]." *Lockwood v. Commr. of Soc. Sec. Administration*, 914 F.3d 87, 91 (2d Cir. 2019) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). The ALJ has "an affirmative responsibility to ask about any possible conflict," and to "elicit a reasonable explanation for [any such] conflict before relying on the [VE's testimony]." *Id.* (citation and internal quotation marks omitted). And the ALJ's responsibility to resolve conflicts includes conflicts that are merely probable. When there is a "potential inconsistency" between VE testimony and the DOT, the ALJ must "probe this apparent conflict" before relying on the testimony. *See id.* at 92. Indeed, the ALJ must "obtain a reasonable explanation for any *apparent*—even if non-obvious—conflict" and must "identify and inquire into all those areas where the [VE's] testimony *seems to* . . . conflict with the [DOT]." *Id.* (internal quotation marks omitted, emphasis in original). The ALJ here was thus required to adequately "identify and

4

resolve the *apparent* conflict" between the VE's testimony and the DOT "even if there is a chance that, upon inquiry, no *actual* conflict would have emerged." *Id.* at 93 (emphasis in original).

I agree with Judge Spector that the ALJ's attempt to resolve the potential conflict he observed between the VE's testimony and the DOT was insufficient to satisfy his obligation under *Lockwood* and SSR 00-4p. At the hearing, the ALJ observed and attempted to resolve the conflict he observed between the VE's testimony and the DOT in the following exchange:

> ALJ: [VE], the testimony you provided today, is that consistent with the Dictionary of Occupational Titles?
> VE: Yes, it is . . . [t]he question about the elevated legs is not covered by the DOT and that's based on my experience providing vocational rehabilitation services over the past four years.
> ALJ: Does the Dictionary of Occupational Titles address the use of a cane for ambulation or even the stable and predictable work environment or even aspects of light work with regards to more specifics as far as the limits of weights throughout the workday being reduced from 20 to ten pounds or even the stand and walk between two and six hours of a workday? Are each of those items discussed in the Dictionary of Occupational Titles?
> VE: No, those opinions are based again on my experience in the field of vocational rehabilitation.

R. 78-79. After this brief discussion of the differences between the DOT and the VE's testimony, the ALJ concluded his questioning of the VE. R. 79. The ALJ then identified in his opinion a conflict between the VE's testimony and the DOT because the Plaintiff's residual functional capacity ("RFC") "reflects a 4 hour standing and walking capacity, whereas the DOT provides that those jobs [with the light work exertional requirement identified by the VE as being suitable for Plaintiff] require up to 6 hours of standing and walking." R. 23.

Once he identified an apparent discrepancy between the VE's testimony and the DOT, the ALJ was required to investigate the discrepancy and develop a "reasonable explanation" for the conflict from the VE before relying on the VE's testimony. *Lockwood*, 914 F.3d at 92. To do

5

this, the ALJ needed to "elicit an explanation" from the VE that "teas[ed] out [the] details" of each job identified by the VE, compared these specific details to the relevant DOT entries, and resolved any perceived conflict. *Id.* at 93 (internal quotation marks omitted). The ALJ in this case only elicited from the VE two statements related to the apparent conflict: that the VE's testimony was consistent with the DOT and that any of the VE's opinions referencing information not addressed in the DOT were based on the VE's vocational rehabilitation experience. R. 78-79.

      The ALJ did not adequately resolve the apparent conflict by merely confirming with the VE that his testimony was consistent with the DOT. *See Lockwood*, 914 F.3d at 93 (statement from VE that her opinion "was consistent with [the DOT]" did not "resolve any apparent conflict") (internal quotation marks omitted). Nor was the VE's explanation that he relied on his professional experience sufficient to resolve the conflict; a VE's response must "specifically address the conflict" between the DOT and his or her opinion on the jobs he or she identified as being suitable for Plaintiff. *Matthew M. v. Commr. of Soc. Sec.*, 1:20-CV-1644-DB, 2022 WL 3346949, at *4 (W.D.N.Y. Aug. 12, 2022) (VE testimony "that he relied on his experience" insufficient to resolve conflict because VE must explain how specific physical limitations from the DOT were not in conflict with the jobs he identified based on claimant's RFC; court suggested a VE may do so by explaining that his testimony arises from "job observation, research, or specific knowledge of the job[s]" at issue); *accord Yeomas v. Commr. of Soc. Sec.*, 18-CV-6537S, 2019 WL 6799008, at *5 (W.D.N.Y. Dec. 12, 2019) (VE testimony supported only by a "blanket assumption" that it relied on VE's "knowledge, education, training and experience" insufficient to resolve conflict; VE explanation did not discuss identified jobs "as they are actually performed" or delve "into the DOTs narrative descriptions to identify some

6

difference" between the DOT and claimant's limitations). The "kinds of vague questions and answers" in the record of this case "are not enough under *Lockwood*"; the "ALJ must first expressly recognize the conflict and then elicit a specific basis from the vocational expert that reconciles it." *Nieto v. Commr. of Soc. Sec.*, 20-CV-3138 (BMC), 2021 WL 1784317, at *3 (E.D.N.Y. May 5, 2021) (conflicting VE testimony based only "on [his] knowledge and experience in the vocational field" inadequately resolved).

      The ALJ recognized that an RFC limiting Plaintiff to standing for fewer than six hours in a workday may be inconsistent with the DOT entries for the jobs the VE identified as suitable for someone with that RFC. R. 23. He was thus required to do more to resolve the apparent conflict and meet his step five burden than accept the VE's imprecise answers about the DOT and his experience. *Compare Reilly v. Comm'r of Soc. Sec.*, No. 21-8-CV, 2022 WL 803316, at *2 (2d Cir. Mar. 17, 2022) (ALJ elicited sufficient answer where he "specifically asked about both potential conflicts and the vocational expert provided explanations that included an analysis based on his own expertise and labor market surveys he conducted"); *Donnarumma v. Berryhill*, 3:18CV381 (WWE), 2019 WL 2171255, at *5 (D. Conn. May 20, 2019) (sufficient explanation where "ALJ noted the inconsistency" between the DOT and the VE's testimony and developed an explanation from the VE that indicated the VE "had surveyed work and labor markets over the last 15 years and had found that performance of [the specific jobs at issue] did not require all the capacities indicated in the DOT"). The Commissioner seems to recognize the precise nature of the inquiry required to resolve the inconsistency the ALJ identified, devoting several pages in her brief to discussing the definition of light work from the DOT, ECF No. 26 at 2-3, engaging with the specific DOT entries for the jobs the VE identified Plaintiff as capable of performing, *id.* at 3, and examining the interplay between the VE's testimony and the DOT job entries, *id.* at

5. But "it is not the Court's duty to parse out such details; rather, that duty falls squarely on the ALJ." *Wayne M. v. Saul*, 3:20CV00465(SALM), 2021 WL 1399777, at *19 (D. Conn. Apr. 14, 2021). And "[w]here the ALJ does not fully discharge his duty to resolve any apparent conflicts between the VE's testimony and the DOT, remand is appropriate." *Martin v. Saul*, 3:18CV00914(SALM), 2019 WL 3852580, at *8 (D. Conn. Aug. 16, 2019).

### III. CONCLUSION

For these reasons, I ADOPT the Recommended Ruling (ECF No. 21), GRANT the Plaintiff's Motion to Reverse (ECF No. 16), and DENY the Commissioner's Motion to Affirm the Decision (ECF No. 18). The Clerk is directed to remand this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         March 30, 2023